UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARYL-MARIE BARRON,

    Plaintiff,

v.                                                  Case No: 8:13-cv-31-T-30EAJ

HILLSBOROUGH COUNTY SCHOOL
BOARD,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Reconsideration (Dkt. #65). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

Plaintiff, Caryl-Marie Barron, filed a complaint against the Defendant, The School Board of Hillsborough County, Florida (the "School Board") alleging disability discrimination in violation of the Florida Civil Rights Act ("FCRA") and retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"). The School Board filed a Motion for Summary Judgment. The Court entered an Order granting the motion in part and denying it in part. (Dkt. #39) (the "Order"). The Order granted the Motion in favor of the School Board regarding Plaintiff's disability discrimination claims pursuant to the FCRA, and the retaliation and interference claims pursuant to the FMLA.

The Court concluded that factual issues existed as to Plaintiff's retaliation claim pursuant to the FCRA and denied summary judgment on that issue.

Plaintiff was represented by counsel in this case from the time of the filing of the complaint through the initial Pre-Trial Conference held on April 3, 2014. The Court granted Plaintiff's motion to continue the case and to permit counsel to withdraw on May 28, 2014. (Dkt. #59) Plaintiff now proceeds *pro se*. At the second Pre-Trial Conference, Plaintiff indicated that she wanted the Court to reconsider the Order. The Court informed Plaintiff that she must file a written motion and include any evidence the Court should consider with the motion.

Plaintiff now moves for reconsideration of the Order based on new evidence including e-mails, sign-in sheets, performance reviews, guidelines regarding performance reviews and other documents that her prior counsel did not submit into the record. She further argues that the School Board misrepresented facts in its Motion, and therefore misled the Court.

### *Legal Standard*

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F. 2d 1155, 1161 (11th Cir. 1993). Further, "*pro se* litigants must satisfy essential burdens." *Blanco GmbH & Co. KG v. Vlanco Indus., LLC*, 992 F. Supp.

2d 1225, 1254 (S.D. Fla. 2014), *on reconsideration in part* (May 21, 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

Motions for reconsideration of orders are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D.Fla. 2006) *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Management, Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D.Fla. 2012); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc*. 434 F. Supp. 2d at 1301.

Plaintiff's Motion appears to also request relief from the Order pursuant to Federal Rule of Civil Procedure 60(b)(2). To succeed on this basis, "a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must

be strictly met." *Id*. (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)).

## *Discussion*

Plaintiff has not met her burden for reconsideration or for relief under Rule 60. Plaintiff discusses evidence that was either already in the record, or not filed with her Motion, or would not have otherwise changed the outcome of the Order. The Order concluded that although the School Board relied on Plaintiff's absences as one of the reasons for termination, it also relied on her poor performance in the classroom as a legitimate non-discriminatory reason. Plaintiff did not produce evidence demonstrating that these additional reasons were pretext. Further, the Court concluded that Plaintiff did not demonstrate that she was a "qualified individual" since she admittedly could not consistently arrive to the school prior to 8:15, when her essential duties began.

The new evidence that Plaintiff references includes a February 2010 evaluation where Dr. Peretz made adverse references to her FMLA leave and several e-mails from her to Dr. Peretz and his assistant documenting notification of several unscheduled absences and late arrivals. Plaintiff did not submit these documents for the Court's consideration at the summary judgment stage or with this Motion. Additionally, Plaintiff makes several statements indicating that she will introduce other evidence, including leave slips and the School Board's sign-in sheets, at a later date in support of her arguments. Any evidence in support of the Motion should have been filed contemporaneously with the Motion for the Court's consideration. Nevertheless, based on Plaintiff's summary of the content of the

4

new evidence, the Court concludes that the evidence would not have changed the outcome of the case since it would be merely cumulative and impeaching.

Any arguments regarding claims for hostile work environment, intentional infliction of emotional distress, breach of contract, and claims pursuant to Title VII and Section 1981 are improper. Plaintiff did not bring these causes of action in her complaint and did not move to amend her complaint to raise these causes of action. The Court could only consider the claims pending before it when it entered the Order.

Plaintiff's arguments regarding the School Board's failure to follow its own internal procedures and state guidelines regarding performance reviews, classroom observations, and termination procedures for teachers do not change the outcome of the case. Even if the School Board did not follow the proper procedures in documenting Plaintiff's performance, it does not create a genuine issue of material fact regarding the School Board's conclusion that Plaintiff's performance was unsatisfactory.

Plaintiff's request that the Court reconsider her disability claim based on evidence that she is disabled is without merit. The Court presumed in the Order that Plaintiff is a disabled person. Therefore, the proposed evidence would not have changed the outcome of case.

*Conclusion*

Plaintiff's Motion is an attempt to re-litigate the same matters and arguments raised in her opposition to Defendant's Motion for Summary Judgment. Plaintiff raises no new evidence that would change the outcome of the Order nor does she point to any manifest errors in law or fact. Therefore, the Court denies the Motion.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff's Motion for Reconsideration (Dkt. #65) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of October, 2014.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2013\13-cv-31 reconsideration.docx